**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clarence E. PREVATT, Defendant-Appellant.**

**No. 75–1046.**

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1976.
Rehearing and Rehearing En Banc Denied April 28, 1976.

Raymond E. LaPorte, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before BELL and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, Senior District Judge:

Appellant, Clarence E. Prevatt, was convicted by a jury on all counts of a ten count indictment charging evasion of income taxes (26 U.S.C. § 7201) and subscribing to false returns (26 U.S.C. § 7206(1)) for the years 1967–1970.

Prevatt claims that the jury verdict against him was the result of substantial and prejudicial errors at trial. On appeal, he raises the following issues:

I. The trial court's failure to suppress bank records obtained by IRS agents from the National Bank of St. Petersburg.

II. Denial of appellant's Sixth Amendment Right of Confrontation and error in the admission of highly prejudicial hearsay evidence.

III. Denial of a fair trial due to the synergistic effect of improper acts by the prosecutor, compounded by trial errors.

We hold that the trial court did not err in denying the motion to suppress; that the record affirmatively reflects evidence beyond a reasonable doubt to sustain his conviction.

## A. Factual Background

Prevatt operated three funeral homes in Florida, two in Pinellas County, in which he owned a 50 percent partnership interest, the other in Hillsborough County, which he owned as sole proprietor. The government's case was two-pronged, focusing first on Prevatt's siphoning of funds received by the funeral homes for funeral and ambulance services into his personal bank account, and next upon his receipt of bribe money for his actions as a County Commissioner in the rezoning of two parcels of property. The Government also presented evidence of additional unreported income derived from a stock sale and an insurance company reimbursement check.

## B. Suppression of Bank Records

During its investigation of the tax and potential criminal liability of defendant, the IRS sent agents to the National Bank of St. Petersburg, which handled some of defendant's business accounts. The bank gave permission to the agents to inspect some of its records regarding Prevatt's business transactions. From these records the IRS was able to reconstruct defendant's business books of account sufficiently to determine that the receipts from a number of funerals had not been included in income. Before trial defendant moved to suppress these bank records. After an evidentiary hearing, this motion was denied.

Relying on *California Bankers Association v. Schultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974), and *United States v. Miller,* 500 F.2d 751 (5th Cir. 1974), *cert. granted,* 421 U.S. 1010, 95 S.Ct. 2414, 44 L.Ed.2d 678 (1975), appellant tries to create a banker-depositor privilege which would not allow the Government to use information against a depositor obtained from the bank without the depositor's permission. Such a privilege does not exist in the Federal Courts. Access to records maintained under the Bank Secrecy Act, 12 U.S.C. § 1829b(d) is to be controlled by existing legal process. *California Bankers Association v. Schultz,* 416 U.S. at 22, 94 S.Ct. 1494. Furthermore, "The express purpose of the Act is to require the maintenance of records, and the making of certain reports, which 'have a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings.'" *Id.* at 26, 94 S.Ct. at 1500. The purpose of the Act would not

be served by implementing the position suggested by appellant.

■ In the instant case, the bank's consent vitiates any requirement of compulsory legal process. The *Miller* case cited by appellant is inapposite. The government subpoena issued in *Miller* was faulty in that it was signed by the United States Attorney, and we held this to be insufficient "legal process" as contemplated by the Act, 500 F.2d at 757 and 758. Here the bank voluntarily turned its records over to the IRS agents. The trial court did not err in denying the motion to suppress.

## C. *Confrontation and Hearsay*

Under his second point of appeal, appellant contends that it was reversible error to (a) admit a copy of a notebook kept by one of the secretaries at one of his funeral homes; and (b) admit the minutes of a County Commission meeting.

### (a) *Secretary's Notebook*

■ Because the formal business records of defendant's business establishments were kept in one office, some of the employees in "branch" offices kept notebooks or other informal records presumably to aid them in their work. Defendant objects to the introduction into evidence of a copy of the notebook of Mrs. Bacon which showed all funerals performed and payments made, on the grounds that it is hearsay and violates the Best Evidence Rule. This notebook fits within the "records of regularly conducted activity" exception to the hearsay rule (F.R.Ev. 803(6)). The prosecution laid a proper foundation for the introduction of the copy by showing that the original notebook along with many of defendant's other business records, mysteriously disappeared sometime during the investigation by the IRS.

### (b) *County Commission Minutes*

■ The prosecution contended that Prevatt failed to report two sources of income: Part of the income attributable taken from his funeral home business and income from bribes. The theory was that he received a payoff from people who benefitted by certain zoning charges made by the County while he was a Commissioner. The prosecutor used the minutes of County Commission meetings to show defendant's conduct when the rezoning applications came up. These records were admissible under 28 U.S.C. § 1739 as an exception to the hearsay rule.

■ Defendant admits that the minutes and related documents were "within some exception to the hearsay rule" but that to admit them without requiring the Government to call the other principals in the land deals and other County Commissioners violated "the values implicit in the Sixth Amendment". Defendant raises the spectre of a confrontation clause violation because the Government failed to call a particular known witness. If he believed that any witness was important, he should have called that witness himself.

## D. *Denial of Fair Trial*

This point cumulates several alleged trial errors. Upon examination of each, we conclude no reversible error was committed.

### (a) *Disappearance of Records*

■ Certain records of the Prevatt funeral businesses disappeared as the IRS was conducting its investigation. Appellant now claims that the prosecutor impermissibly led the jury to infer that he had ordered the records hidden or destroyed. The evidence, however, showed that Prevatt's son, who was the general manager of the funeral homes, was responsible for the disappearance or destruction of the records. Additional testimony indicated that the son did not make management decisions without his father's approval, and an employee testified as to Prevatt's instructions that the records should be removed if the IRS came around. From this and other evidence, it was permissible for the jury to

infer that Prevatt authorized his son's actions.

### (b) Violation of Fifth Amendment Privilege

■ Appellant complains of the prosecutor's "trick questioning". He had testified that he never knew that the funeral homes' income was being investigated. The Government then asked him why he refused to let the IRS agents look at his books and records for the funeral homes. His objection was overruled since the question went to impeachment of his prior testimony. No reversible error was committed. Even if the objection should have been sustained, which we do not hold, any error would be harmless in view of the isolated and limited nature of the prosecutor's references.

### (c) Improper Cross-examination of Character Witnesses

■ Prevatt offered his partner and his attorney as character witnesses. On cross-examination, the prosecutor asked both witnesses if they had heard that defendant accepted money from applicants for zoning changes or if they knew he used county employees to make improvements on land he owned. Both items had been fully reported in the newspapers; a file of clippings was produced at trial which adequately demonstrated that they had previously been the subject of public discussion in the community. The questions were permissible since character witnesses may testify as to a defendant's reputation in the community under a common exception of the hearsay rule. F.R.Ev. 803(21) *Reputation as to Character.*

### (d) Hearsay Objection to Employee's Notes

■ Boeve, one of Prevatt's employees, had written yearly totals of ambulance collections on a single sheet of paper. The totals showed collections from May of 1969 through the end of 1972, and were classified by cash or check.

The original records of all ambulance calls and payments for them had been destroyed at the time of trial. At defendant's request the Court instructed the jury not to consider the totals for 1971 and 1972 as part of the evidence. Defendant now objects that the limiting instruction was not enough, that the evidence should have been excluded on hearsay grounds. The evidence was properly admitted under the Business Records Act, 28 U.S.C. § 1732, as a record made in the regular course of business.

### (e) Expert Testimony On Tax Computation and Use of Prepared Charts

■ Appellant contends that the Government's use of charts and summaries was impermissible testimony on ultimate facts which invaded the province of the jury. Expert testimony and illustrative charts are permissible as long as the assumptions upon which they are based are supported by evidence in the case. If such evidence exists, as in the present case, it is within the trial court's discretion to decide whether the Government may use illustrative charts. *United States v. Diez,* 515 F.2d 892 (5th Cir. 1975).

### (f) Error in the Charge

■ The trial court failed to include in its charge two of defendant's proposed instructions relating to the definition of wilfulness because they duplicated instructions already in the court's general charge. At the charge conference, and on appeal, defendant failed to demonstrate any deficiency in the court's charge, vis-a-vis, his proposed instructions. The trial court gave a thorough charge encompassing a definition of wilfulness, and committed no error in denying defendant's requests.

Having reviewed all of defendant's assignments of error carefully, we find no reversible error.

Affirmed.