**UNITED STATES of America**

**v.**

**GRAND JURY INVESTIGATION.**

**Misc. No. 76–244.**

United States District Court,
E. D. Pennsylvania.

July 29, 1976.

David W. Marston, U. S. Atty., Philadelphia, Pa., for plaintiff.

A. Walling Levin, Philadelphia, Pa., for Home Unity.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a motion to quash a grand jury subpoena duces tecum served upon Home Unity Savings and Loan Association ("Home Unity"). The subpoena requests the production by a Home Unity employee of 11 categories of banking and financial records for any accounts of two married depositors ("depositors") for a period of several years. By agreement with the Government, the return date of the subpoena was extended to permit disposition of this motion.

Home Unity resists compliance with the subpoena on four grounds: (1) that the subpoena was issued without a showing of probable cause; (2) that there is no showing that the subpoenaed records are relevant to a legitimate grand jury investigation; (3) that the subpoena was issued without notice having been given to the depositors, so that they might assert any valid privileges against production of the documents; and (4) that Section 612 of the Pennsylvania Savings Association Code of 1967, 7 P.S. § 6020–92 (Supp.1976), does not authorize disclosure of this information to the grand jury and that violation of Section 6020–92 could subject Home Unity to civil liability. We will address the arguments in that order.

A subpoena duces tecum issued to obtain records is subject to no more stringent Fourth Amendment requirements than is the ordinary subpoena. *United States v. Miller*, 425 U.S. 435, 446, 96

S.Ct. 1619, 1625 n.8, 48 L.Ed.2d 71 (1976).[1] Thus, the "traditional distinction between a search warrant and a subpoena," *id.* at 446, 96 S.Ct. at 1625, holds true in the instant case. The distinction is that the requirement of "probable cause, supported by Oath or affirmation," literally applicable in the case of a warrant, need not be satisfied in order to justify an order enforcing the command of a subpoena. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 90 L.Ed. 614 (1946). The Fourth Amendment, if applicable to a subpoena for the production of business records and papers, "at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant. The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable." *Id.* at 208, 66 S.Ct. at 505; *accord, United States v. Miller, supra,* 425 U.S. at 446, 96 S.Ct. at 1625.

While probable cause need not be established to enforce a grand jury subpoena, in this circuit the Government must show: (1) the grand jury's jurisdiction; (2) the relevancy of the subpoenaed materials to an investigation within that jurisdiction; and (3) the absence of an unrelated purpose. *In the Matter of Grand Jury Impaneled January 21, 1975 (Freedman),* 529 F.2d 543, 548 (3d Cir.), *cert. denied,* —— U.S. ——, 96 S.Ct. 2203, 48 L.Ed.2d 816 (1976); *In re Grand Jury Proceedings (Schofield),* 486 F.2d 85, 93 (3d Cir. 1973). The Government

attorney conducting this grand jury investigation has filed an affidavit which the Court believes satisfies both the above-stated requirements and Home Unity's second objection concerning relevancy to a legitimate investigation. The affidavit discloses that the grand jury is investigating possible violations of federal tax statutes by individuals affiliated with a certain corporation within the Eastern District of Pennsylvania. We agree that evidence of such crimes may be found in the subpoenaed records, which include ledger cards for all accounts and loans, deposit tickets, checks, loan applications and signature cards, and that the records are clearly relevant to the investigation. Finally, we do not believe that these records are sought for any purpose other than this legitimate grand jury investigation.

Home Unity's third contention is that the Government's failure to provide notice to the depositors of this subpoena makes its enforcement improper. Home Unity has notified the depositors of the service of this subpoena.[2] However, the argument appears to be that it is the Government's obligation to provide a bank depositor with the opportunity, through notice of any subpoena upon the banking institution, to attempt to intervene and raise any privileges, whether established by the Constitution, statutes or the common law, which might bar production of the desired records.[3] We reject at the outset any suggestion of a banker-depositor privilege which would prevent the Government from obtaining or using information against a depositor obtained from the bank without

---

**1.** Home Unity has cited both the Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. The latter provision states: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant." As it relates to this motion, the protection provided by the state provision is identical to that of the Fourth Amendment. *See Commonwealth v. White,* 327 A.2d 40 (Pa.

1974), *cert. denied,* 421 U.S. 971, 95 S.Ct. 1967, 44 L.Ed.2d 461 (1975); *Annenberg v. Roberts,* 333 Pa. 203, 2 A.2d 612 (1938). Accordingly, our discussion of the federal provision applies equally to any claim under the Pennsylvania Constitution.

**2.** The depositors have taken no action to intervene, or otherwise be heard, in this proceeding.

**3.** Due to our disposition of the merits of this argument, we need not address the question of whether Home Unity has standing to raise the issue of notice.

the depositor's permission. Federal courts do not recognize any such privilege. *United States v. Prevatt,* 526 F.2d 400, 402 (5th Cir. 1976). Whether or not the Government has a constitutional duty to insure "notice to the bank customer of an invasion of his protected Fourth Amendment interest," *United States v. Miller, supra,* 425 U.S. at 448, 96 S.Ct. at 1626 n.2 (Brennan, J., dissenting), we think it clear that there are no Fourth Amendment interests of the depositor implicated here. In *United States v. Miller, supra,* there was a similarly broad request for "all records of accounts, *i. e.,* savings, checking, loan or otherwise." 425 U.S. at 437, 96 S.Ct. at 1621. The Supreme Court held that these were the business records of the banks involved and that there was a lack of any legitimate expectation of privacy concerning the information kept in bank records. We believe the *Miller* holding is controlling here. The only unique aspect of this case is the applicability of the Pennsylvania statute controlling disclosure of information concerning accounts, to which we now turn.

Section 612 of the Pennsylvania Savings Association Code of 1967, 7 P.S. § 6020–92 (Supp.1976),[4] regulates to whom savings and loan associations and building and loan associations organized in Pennsylvania may divulge the contents of record books and accounts. While the statute specifically limits the parties to whom disclosure is permitted by association personnel, we do not believe that it was intended to, or can, thwart a proper federal grand jury investigation. On its face, the statute might raise an expectation on the part of the depositors that Home Unity would not disclose their account records to a federal grand jury. However, the law at times permits the frustration of actual expectations of privacy. The real question, in terms of the principles announced in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), is what expectations of privacy are constitutionally "justifiable" and would make the enforcement of this subpoena duces tecum "unreasonable" under the Fourth Amendment. *See United States v. White,* 401 U.S. 745, 752, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971) (White, J., plurality opinion). In addition to the voluntary exposure by the depositors of the information contained in the subpoenaed documents to Home Unity employees in the ordinary course of business, this statute authorizes disclosure of these records to both state and federal agencies without the consent of the depositors. At least one of these agencies, the Pennsylvania Department of Banking, has the power to institute criminal proceedings. *See* 71 P.S. § 733–1101. The fact that this information was revealed to Home Unity by the depositors on the assumption that it would be used only for a limited purpose and that its disclosure, without consent, was restricted does not, under these circumstances, create a cognizable Fourth Amendment interest. Thus, as we stated earlier, the Government had no obligation to provide notice of the subpoena to the depositors.

---

4. 7 P.S. § 6020–92 (Supp.1976) provides:

(a) Record books and accounts of associations are private and confidential and the contents thereof may not be divulged by any officer, director or employe of the association except to:

(1) Authorized employes of the Department of Banking,

(2) Authorized employes of the Department of Revenue of the Commonwealth of Pennsylvania,

(3) Authorized representatives of the Federal Home Loan Bank Board,

(4) Members of the Savings Association Board during hearing before the board who shall have the right to inspect the records of the association.

(b) An association shall upon request furnish to any member information regarding his own account. The department shall by a regulation or ruling in any specific case, establish procedures for communication by one member of an association with other members of the same association, provided, that it determines that the request is made for legitimate purposes and can be complied with in such manner as not to disclose the investments of any members in the association. Any such communications shall be subject to the terms and conditions including payment of costs prescribed by the department.

The only remaining question is whether it would be "unreasonable or oppressive," Fed.R.Crim.P. 17(c), to require Home Unity to comply with this subpoena, as compliance would necessitate the violation of 7 P.S. § 6020–92 (Supp.1976) and possibly subject Home Unity to a civil suit brought by the depositors. While this Court does not take lightly the responsibility for ordering the violation of any statute, neither does the Court believe that a state statute can insulate otherwise obtainable evidence from a proper federal grand jury investigation. *Cf. United States v. Shaffer,* 520 F.2d 1369, 1372 (3d Cir. 1975), *cert. denied,* 423 U.S. 1051, 96 S.Ct. 779, 46 L.Ed.2d 639 (1976). Assuming that a civil action would lie against Home Unity for a violation of § 6020–92, we think the risk of civil damages is slight and speculative. The chance that the depositors will suffer compensable damages by a disclosure to the federal grand jury, whose proceedings are kept secret, is quite remote. Moreover, we believe that Home Unity would have a valid defense, if it is sued, that disclosure was involuntary and due to compulsion by a federal court. *See United States v. First National City Bank,* 396 F.2d 897 (2d Cir. 1968). Unlike the situation in *United States v. Loskocinski,* 403 F.Supp. 75 (E.D. N.Y.1975), where the bank faced the possibility of "staggering" civil liability reaching as high as $50,000,000.00, we do not believe that the possible hardship to Home Unity if this subpoena duces tecum is enforced clearly outweighs the interest that the grand jury has in the subject documents. Accordingly, Home Unity has not satisfied the Court of the unreasonableness or oppressiveness of the subpoena in the instant case.

Home Unity's motion to quash the subpoena will be denied.

An appropriate Order will be entered.