In re GRAND JURY PROCEEDINGS.

UNITED STATES

v.

Dewey HAYES and Herbert E. Bond.

Misc. No. 77–2–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Order Overruling Motion to Quash
Subpoenas Sept. 22, 1977.

Order Oct. 14, 1977.

Denver Lee Rampey, Jr., U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for petitioner.

Dewey Hayes, Dist. Atty., Waycross Judicial Circuit, Douglas, Ga., C. Dean Strickland, Asst. Dist. Atty., Waycross Judicial Circuit, Waycross, Ga., for respondents.

## ORDER OVERRULING MOTION TO QUASH SUBPOENAS

BOOTLE, Senior District Judge.

The United States served upon Mr. Dewey Hayes, District Attorney, Ware County, Georgia, and Mr. Herbert E. Bond, Chief of Police, Waycross, Georgia, identical subpoenas requiring them to appear as witnesses before a United States Grand Jury and to bring with them specified records relating to any interception of wire or oral communications involving a named individual and listed telephone numbers. The subpoenaed persons filed their motion to quash the subpoenas, relying upon certain sections of Georgia Code Annotated. A Show Cause Order was issued and the government filed a response to the motion to quash. This court on July 22, 1977, entered an order requiring, among other things, the subpoenaed witnesses to produce for *in camera* inspection by the court all of the subpoenaed documents. There have now been de-

livered to the court and there are now in the possession of the court two sealed cardboard boxes, one of which measures approximately $3'' \times 10'' \times 15''$, labeled as follows:

Application and Affidavits for

Warrant

Warrant

Returns

Logs

Transcripts

and the other of which is approximately $4\frac{1}{2}'' \times 9\frac{1}{2}'' \times 12\frac{1}{2}''$ and is labeled as follows:

July 27, 1977

TO: JUDGE WILBUR D. OWENS, JR.
UNITED STATES DISTRICT
JUDGE

These tapes have been in the possession of Sgt. W. R. Schafer at the direction of Superior Court Judge Ben Hodges.

Judge Hodges has directed Sgt. Schafer to maintain possession of these tapes in order to insure chain of custody and safe keeping.

s/ Ben A. Hodges

Ben A. Hodges, Judge
Superior Court of Ware County, Ga.

The purpose of this order is first, to rule upon the motion to quash and second, to give direction to the immediate use and disposition of said cardboard boxes and their contents.

### Motion to Quash

█ The motion to quash is based upon the following four subsections of Georgia Code Annotated, namely § 26–3001(e):

It shall be unlawful for any person to divulge to any unauthorized person or authority the content or substance of any private message intercepted lawfully in the manner provided for hereinafter in section 26–3005;

second, § 26–3004(g):

Evidence obtained in conformity with this section shall be admissible only in the courts of this State having felony and misdemeanor jurisdiction. When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications or in observation in the manner authorized herein, intercepts wire or oral communications or obtains fruits of observation relating to offenses for which an investigation warrant may issue other than those specified in the order of authorization, the contents or fruits thereof, and evidence derived therefrom, may be disclosed or used in the same manner as if a surveillance warrant covering said crimes had initially been used;

third, § 26–3004(h):

The application for an investigation warrant under this section, any supporting evidence in connection therewith and any entry of the issuance of an investigation warrant as a result thereof shall remain confidential and in the custody of the judge and shall not be released, nor information touching same in any manner be disclosed, except upon written order of such judge, or except at the time of trial of the case in which such evidence is used or in which evidence derived from such surveillance is used;

and fourth, § 26–3004(k):

Any publication of the information or evidence obtained under a warrant issued hereunder other than that necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant shall be an unlawful invasion of privacy under this Chapter, and shall cause such evidence and information to be inadmissible in any criminal prosecution.

Notwithstanding the the language of the above quoted code sections, even including that of § 26–3004(g) that, "Evidence obtained in conformity with this section shall be admissible only in the courts of this State having felony and misdemeanor jurisdiction", we do not believe that it was intended by the legislature of the state of Georgia to attempt to deny to a proper federal grand jury the use of such evidence in one of its lawful investigations. We do not believe this provision was intended to apply to a sovereign absent their appropriate

naming of the sovereign.[1] We think rather the quoted sections were intended merely to state rules relating to the admissibility of evidence in the courts in the state of Georgia and not to prohibit the admissibility in courts of other jurisdiction, particularly not in the courts of the United States. For this interpretation, *see United States v. Grand Jury Investigation*, 417 F.Supp. 389, 392 (E.D.Pa.1976). Our interpretation finds further support in the language in Ga.Code Ann. § 26–3004(c), which reads:

When there is probable cause to believe that a person is committing or has committed an act which endangers the national security of the *United States* [emphasis added] or the security of this state or that such person is committing *or has* committed the crime of treason, insurrection, *rebellion, espionage, sabotage,* [emphasis added] . . . .

Thus the Georgia legislature authorized interceptions to protect the national security of the United States and for the effective prosecution of crimes of "rebellion, espionage [and] sabotage," offenses apparently prosecutable only in the courts of the United States and not in the courts of Georgia.

■ Moreover, even if it were to be determined or concluded that the Georgia legislature actually intended to prohibit the use of evidence in the courts of the United States, such prohibition would be ineffectual. Under the supremacy clause of the Constitution, it is denied to state legislatures to control the jurisdiction or the procedure in the courts of the United States. Thus a state cannot deny to a corporation licensed to do business within its borders the right to remove to a United States court a suit brought against it in the courts of the state and removable under the laws of the United States. *Harrison v. St. Louis & S. F. R. Co.*, 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621 (1914). In *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), it was held that where there is no violation of a constitutional guaranty,

evidence is not rendered inadmissible merely because it is illegally taken from the possession of the party against whom it is offered or otherwise unlawfully obtained. In *Olmstead*, the court quotes from Chief Justice Taney in *United States v. Reid*, 53 U.S. 361, 363, 12 Howard 361, 363, 13 L.Ed. 1023, 1024, as follows:

But it could not be supposed, without very plain words to show it, that Congress intended to give to the states the power of prescribing the rules of evidence in trials for offenses against the United States. For this construction would in effect place the criminal jurisprudence of one sovereignty under the control of another.

*On Lee v. United States*, 343 U.S. 747, 754, 72 S.Ct. 967, 972, 96 L.Ed. 1270, 1276 (1952) capsulates the rule as follows:

But here neither agent nor informer violated any federal law; and violation of State law, even had it been shown here, as it was not, would not render the evidence obtained inadmissible in federal courts,

citing *Olmstead v. United States, supra*. Modern decisions are in full accord. Thus in *United States v. Neville*, 516 F.2d 1302, 1308 (8th Cir. 1975), it is said:

Moreover, wiretap or other evidence obtained without violating the Constitution or federal law is admissible in a federal criminal trial even though obtained in violation of state law. *On Lee v. United States*, 343 U.S. 747, 754–55, 72 S.Ct. 967, 96 L.Ed. 1270 (1952); *United States v. Keen*, 508 F.2d 986, 989 (9th Cir.), cert. den., 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975).

Accordingly, the motion to quash the subpoena is hereby overruled.

*Immediate Use and Disposition of the Cardboard Boxes and their Contents*

The subpoenaed witnesses rely also upon the case of *United States v. Marion*, 535

---

1. "The government, whether federal or state, and its agencies are not ordinarily to be considered as within the purview of a statute, however general and comprehensive the language of act may be, unless intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication." 82 C.J.S. *Statutes* § 317, p. 554.

F.2d 697 (2d Cir. 1976). The *Marion* case stands for the proposition, among other things, that before a state authorized interception of wire communications can be introduced into evidence before a federal grand jury, the requirements of 18 U.S.C.A. § 2517(5) must be complied with; that is, that the validity of the interception must be determined by a court of competent jurisdiction. In pertinent part said code section reads as follows:

> When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized herein, intercepts wire or oral communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof . . . and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.

Government counsel doubt the validity of *Marion* in this Circuit but indicate no objection to bringing about a compliance with the provisions of said section 18 U.S.C.A. § 2517(5). This court's order of July 22, 1977 contained this provision:

> In the circumstances, the court deems such a procedure to be both appropriate and within the inherent authority of the court, regardless of the validity of *Marion* in this Circuit.

It appearing that counsel for the United States will probably need to see some of the contents of at least one of the boxes now in possession of the court in order to determine whether to make the application contemplated by 18 U.S.C.A. § 2517(5), a hearing is hereby set for October 3, 1977 at 11:00 A.M. in the chambers of this court, to be attended by counsel for the United States, Mr. Dewey Hayes or a representative of his office, and by a representative of the Office of the Attorney General for the State of Georgia, at which time it will be determined what immediate use and disposition shall be made of the contents of said boxes and how much, if any, of the same should at this time be disclosed to counsel for the United States.

SO ORDERED, this 22nd day of September, 1977.

## ORDER

On September 22, 1977, the court entered an order in the above matter overruling the movants' motion to quash subpoena and requiring a hearing in the chambers of this court on October 3, 1977, for the purpose of determining which, if any, of the subpoenaed documents should be revealed to counsel for the United States in order to assist the United States in making a determination as to whether to apply to the court as contemplated by 18 U.S.C. § 2517(5). At the time of that hearing, which was attended by Mr. C. Deen Strickland, Assistant District Attorney, Waycross Judicial Circuit, and Mr. Charles T. Erion, Assistant United States Attorney, the court gave additional consideration to this matter, and concluded that it would be inappropriate to allow counsel for the United States access to any of the subpoenaed documents until after the government had made the application required by 18 U.S.C. § 2517(5), supported by affidavits from Mr. Strickland and such other persons as government counsel might deem appropriate. Accordingly, neither of the sealed boxes delivered to the court by movants has been opened.

Government counsel has now forwarded to the court a letter stating that, after conferring with the appropriate authorities of the State of Georgia, the government has concluded not to make an application to the court pursuant to 18 U.S.C. § 2517(5) and that the government is releasing movants from further compliance with the subpoena. Accordingly, it is ORDERED,

1. That the documents delivered to the court by movants be returned to them, or their designated representative, by the Clerk of the Court, and

2.  That the Clerk close his file in this matter after such delivery, placing in said file a receipt from movants or their representative for the documents.

SO ORDERED, this 14 day of October, 1977.