PER CURIAM.
This court, on its own motion, takes note of its lack of jurisdiction of this appeal.
The defendant was convicted of second degree murder and was sentenced. He entered an appeal to the Supreme Court prior to July 1,1982. By opinion of the Supreme Court dated June 21,1982, rehearing denied September 24, 1982, 418 So.2d 1326, the conviction and sentence was “AFFIRMED CONDITIONALLY AND REMANDED”. All of the defendant’s assignments of error were found to be without merit, except one. The Supreme Court ruled that the trial court had erred in not complying with defense counsel’s request for an in camera inspection of prior statements made by a key State witness for material inconsistencies and exculpatory information. The case was remanded to the trial court for such an inspection and a trial court determination of the issue, reserving to the defendant the right to appeal from an adverse ruling by the trial court. On remand the trial court found no substantial inconsistencies and no exculpatory evidence which would have influenced the jury, and ruled that a new trial should not be granted.
Defendant moved for an appeal. The trial court granted an appeal to the Court of Appeal, reasoning in a per curiam opinion that this appeal was a new and separate appeal and that the Supreme Court did not retain jurisdiction of the original appeal.
*177 We conclude that jurisdiction of this matter is vested in the Supreme Court for the following reasons:
(1) Under La.Const.Art. 5, § 5(E) the Supreme Court has exclusive appellate jurisdiction to decide criminal appeals in felony cases when an order of appeal was entered prior to July 1, 1982, and has exclusive supervisory jurisdiction of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982.
(2) Defendant’s appeal from his conviction and sentence was entered prior to July 1, 1982, and was partially decided (“AFFIRMED CONDITIONALLY AND REMANDED”) by opinion of the Supreme Court. The “appeal” from the ruling on remand is within the scope of and part of the original appeal which has not been finally determined, and of which the Supreme Court has exclusive jurisdiction.
(3) Under LSA-C.Cr.P. Art. 912, only a final judgment or ruling is appealable. The ruling of the trial court on remand which denied a new trial is not a final judgment imposing sentence. In spite of the language in the supreme court opinion reserving the defendant’s right to “appeal”, the “appeal” in this case, if viewed as separate from the original appeal, is more in the nature of an application for supervisory writs, of which the Supreme Court has exclusive supervisory jurisdiction since it relates to a conviction and sentence imposed prior to July 1, 1982.
(4) Piecemeal determination of the defendant’s appeal from his conviction by both the Supreme Court and the Court of Appeal would be inefficient and impractical.
Accordingly, this appeal is hereby transferred to the Supreme Court of Louisiana.