PER CURIAM.
This court, on its own motion, takes note of its lack of jurisdiction of this appeal and orders it transferred to the Supreme Court of Louisiana.
The defendant was convicted of second degree murder and was sentenced. He entered an appeal to the Supreme Court prior to July 1,1982. By opinion of the Supreme Court dated June 21,1982, rehearing denied September 24, 1982, 418 So.2d 1326 (NO. 81-KA-2698), the conviction and sentence was “AFFIRMED CONDITIONALLY AND REMANDED”. All of the defendant’s assignments of error were found to be without merit, except one. The Supreme Court ruled that the trial court had erred in not complying with defense counsel’s request for an in camera inspection of prior statements made by a key State witness for material inconsistencies and exculpatory information. The case was remanded to the trial court for such an inspection and a trial court determination of the issue, reserving to the defendant the right to appeal from an adverse ruling by the trial court. On remand the trial court found no substantial inconsistencies and no exculpatory evidence which would have influenced the jury, and ruled that a new trial should not be granted.
Defendant moved for an appeal. The trial court granted an appeal to the Second Circuit Court of Appeal. On this court’s own motion, we concluded that the Supreme Court had exclusive appellate and supervisory jurisdiction of the appeal under La.Const. Art. 5, § 5(E) because the original appeal was entered prior to July 1,1982 and had not been finally determined, and also because, if the “appeal” from a denial of a new trial be considered as an application for writs, it relates to a conviction and sentence imposed prior to July 1, 1982. See State v. Ates, 429 So.2d 176 (La.App. 2d Cir.1983).
While the previous appeal to this court was pending, defendant filed in the Supreme Court a motion for remand to the trial court for the filing of a second motion for new trial based on alleged newly discovered evidence. The Supreme Court granted the motion and remanded to the district court for filing of and action on defendant’s second motion for new trial. After a hearing, the district court denied the motion for new trial. An appeal from the denial was granted to the Second Circuit Court of Appeal.
For the same reasons as expressed in our previous opinion, we conclude that the Supreme Court has exclusive appellate and supervisory jurisdiction of the instant appeal from the denial of the second motion for new trial and, accordingly, this appeal is hereby transferred to the Supreme Court of Louisiana.