PER CURIAM.
This court, on its own motion, takes note of its lack of jurisdiction of this appeal and orders it transferred to the Supreme Court of Louisiana.
The defendant was charged by grand jury indictment with the offense of aggravated rape. On June 17, 1981, pursuant to a plea bargain, the defendant pled guilty to the reduced charge of carnal knowledge of a juvenile. On October 8, 1981 he was sentenced to imprisonment at hard labor for a term of eight years.
The defendant was granted an order of appeal to the supreme court. On July 2, 1982, rehearing denied September 3, 1982, the supreme court rendered the following per curiam order:
“In view of the apparent expectation of a two-year penitentiary sentence in return for the defendant’s plea, the eight-year term imposed herein for carnal knowledge of a juvenile is set aside and the case is remanded for further consideration.
“CONVICTION AFFIRMED: SENTENCE VACATED.” State v. Nash, 418 So.2d 637 (La.1982)
On November 22, 1982 the district court, considering the action by the supreme court in vacating the sentence previously imposed, ordered the defendant to appear in open court for re-sentencing. On December 20,1982 the defendant was again sentenced to imprisonment at hard labor for eight years. On December 31, 1982 the defendant was granted an order of appeal returnable to the Second Circuit Court of Appeal. The defendant’s assignments of error specify that the trial court failed to comply with the guidelines of Code of Criminal Procedure Article 894.1 and that the sentence is excessive.
Under La. Const. Art. 5, § 10(A)(3), appellate jurisdiction of criminal cases was vested in the courts of appeal, effective July 1,1982; subject, however, to the provisions of Art. 5, § 5(E) which provides:
“(E) Additional Jurisdiction until July 1, 1982. In addition to the provisions of Section 5(D) and notwithstanding the provisions of Section 5(D), or Sections 10(A)(3) and 10(C), the supreme court shall have exclusive appellate jurisdiction to decide criminal appeals where the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actu *129 ally has been imposed, but only when an order of appeal has been entered prior to July 1, 1982 and shall have exclusive supervisory jurisdiction of all criminal writ applications filed prior to July 1,1982 and of all criminal writ applications relating to convictions and sentences imposed pri- or to July 1, 1982.” (Emphasis supplied)
We conclude that jurisdiction of this matter is vested in the supreme court under La. Const. Art. 5, § 5(E) because the original appeal from the conviction and sentence was entered prior to July 1, 1982, and has not been finally determined insofar as the sentence is concerned. Piecemeal determination of defendant’s appeal from his conviction and sentence by both the supreme court and the court of appeal would be inefficient and impractical, and the transitional provisions of Art. 5, § 5(E) were intended to avoid such a result. See State v. Ates, 429 So.2d 176 (La.App. 2d Cir.1983); State v. Ates, 429 So.2d 177 (La.App. 2d Cir.1983).
Accordingly, this appeal is hereby transferred to the Supreme Court of Louisiana.