ARMSTRONG, Judge.
Defendant, Dean Marco, appeals his conviction for second degree murder, a violation of La.R.S. 14:30.1. We affirm the trial court’s judgment.
On November 29, 1987 Joseph LeFarve returned home from work at 7:00 a.m. His brother, Sidney, told him that the defendant had taken his (Sidney’s) tapes. At about 4:00 p.m., the defendant knocked at their door. Joseph answered. The defendant asked for Sidney. Sidney went to the door and asked the defendant for his tapes. The defendant said he did not have them and left. About fifteen minutes later, a child came to the door and told Sidney that the defendant wanted to meet him at the corner. Sidney left unarmed to meet the defendant. At the corner, the defendant handed Sidney a white plastic bag. He then pulled out a gun and fired two shots at Sidney. One hit Sidney in the head, killing him.
The defendant testified that Sidney had hit him in the head with a pair of brass knuckles. The defendant then fired two shots in the air to frighten Sidney away, but one of the shots accidentally struck him.
On January 14, 1988 the defendant was indicted by the grand jury of second degree murder, a violation of La.R.S. 14:30.1. He pled not guilty at his arraignment of January 22, 1988. He was found guilty as charged by a jury on March 23, 1988. He was sentenced on July 18, 1988 to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
A review of the record for errors patent reveals none.
On appeal, the defense contends that the trial court erred in denying defendant’s motion for a mistrial or, in the alternative, in denying his motion for an in camera inspection of witness statements for Brady material.
Detective Randy Varuso, who conducted the investigation of the shooting, testified on direct examination that he had taken statements of several witnesses to the murder and attached these statements to his investigative report.[1] The defense had asked the State in pre-trial discovery for any exculpatory evidence it possessed. The State had responded that it had none. It had not produced the witness statements obtained by Varuso. Consequently, when the defense learned of their existence during Varuso’s trial testimony, it moved for a mistrial on the grounds that these statements possibly contained exculpatory evidence or evidence upon which the State witnesses to the murder could be impeached. The Court denied the motion. The defense then requested that it be allowed to review these statements, or, alternatively, that the Court conduct an in camera inspection thereof. The Court agreed to conduct an in camera inspection of them. The Court specifically stated, “I will look at all of them before the trial is over and let you know, Mr. DeFrancesch.”
The defense argues that the record does not indicate if the court ever conducted the in camera inspection. The issue was never raised again. Nothing elicited during the testimony at trial sheds any light on whether or not the statements contained Brady material.
*330 Under La.C.Cr.P. arts. 723 and 718, statements made by witnesses to agents of the State are generally not discoverable unless they are favorable to the defendant and are material and relevant to determining the defendant’s guilt or innocence.
La.C.Cr.P. art. 723 provides:
Except as provided in Articles 716, 718, 721, this Chapter does not authorize the discovery or inspection of reports, memo-randa or other internal state documents made by the district attorney or by agents of the state in connection with the investigation or prosecution of the case; or of statements made by witnesses or prospective witnesses, other than the defendant, to the district attorney, or to agents of the state.
La.C.Cr.P. art. 718 provides:
Subject to the limitation of Article 723, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions of Paragraph (1) hereof by in camera inspection.
The right to an in camera inspection of such statements was addressed in State v. Ates, 418 So.2d 1326 (La.1982). In Ates, the defense moved for the production of prior statements made by the chief witness for the State and for the court to conduct an in camera inspection of them. The trial court refused. The Louisiana Supreme Court noted that the request for the production of the prior inconsistent statements was specific; that the purpose of the request was to discover inconsistent and exculpatory statements; and, that, since the witness was the chief witness for the State and her testimony directly related to the defendant’s guilt, an in camera inspection should have been conducted by the trial court. Consequently, the Louisiana Supreme Court remanded the case to the trial court, ordering it to conduct an in camera inspection of the witnesses’ prior statements to determine if they were favorable to the defendant and, if they were, to determine whether such evidence was material to defendant’s guilt. The Louisiana Supreme Court then held that, if the trial court found that the statements were favorable and material to defendant’s guilt, a new trial would be required. If not, the conviction would be affirmed. Ates was recently followed by this court in State v. Whitlock, 454 So.2d 871 (La.App. 4th Cir. 1984).
Applying Ates to the present case, it appears that defendant is entitled to an in camera inspection of the witness statements. Complying with our order, the trial court has issued a per curiam which states that the in camera inspection was held and that it concluded that the statements were not exculpatory. A review of those statements conducted by this court reveals no error in the trial court’s finding.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.

. This investigative report was made after the initial police report. The initial police report was made by Officer Marquez.