PER CURIAM.
| iWrit granted in part; otherwise denied.
The state seeks reversal of a trial court order granting relator access to the entirety of a witness’s grand jury transcript for the purposes of his application for post-conviction relief following in camera review. We have emphasized that “the indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity.” State v. Trosclair, 443 So.2d 1098, 1103 (La.1983); see also United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The party seeking disclosure must demonstrate a particularized need that outweighs the need for continued secrecy: Trosclair, 443 So.2d at 1103. That is, “[h]e must show that, without the material, his case would be greatly prejudiced or that an injustice would be done.” State v. Higgins, 03-1980, p. 36 (La.4/1/05), 898 So.2d 1219, 1241 (citing Trosclair, 443 So.2d at 1103; State v. Ates, 418 So.2d 1326, 1328-29 (La.1982)).
“[A] trial court may act upon a specific request stated with particularity and review grand jury transcripts in camera to determine if information contained therein |2is favorable to the accused and material to guilt or punishment.” Higgins, 03-1980 at 35-36, 898 So.2d at 1241. “If disclosure is permitted, it must be closely confined to the limited portion of the material for which there is particularized need.” Trosclair, 443 So.2d at 1103. “In any event, disclosure is left to the sound discretion of the trial court whose ruling will not be reversed absent an abuse of that discretion.” Higgins, 03-1980 at 36, 898 So.2d at 1241.
In the present case, the trial court’s finding that the witness’s grand jury transcript contained favorable impeachment, contradiction, or inconsistent statements is not supported in the record now before this Court. Moreover, we do not find that the state placed the content of the witness’s grand jury testimony at issue at trial by referring to the fact that the witness testified at the grand jury. The questions referred to by relator were brief and designed to orient the witness and the jury to questions that would follow in cross-examination. They did not, as relator now argues, imply or suggest that the witness’s testimony on direct examination was inconsistent with his testimony before the grand jury. Insofar as a juror may have derived that impression, the witness contradicted any notion that he testified inconsistently before the grand and petit juries. In light of the foregoing, relator has not established that he would be “greatly prejudiced or that an injustice would be done” with respect to his application for post-conviction relief by the continued secrecy of the witness’s grand jury transcript. Accordingly, the ruling of the trial court granting disclosure of the entirety of the witness’s grand jury testimony is reversed.
*917 However, because relator’s is a capital case, additional caution is warranted to ensure relator’s access to information relevant to his claims for post-conviction relief. Cf. State v. Castleberry, 99-3584 (La.2/11/00), 754 So.2d 923 (“Because the ‘qualitative difference between death and other penalties,’ justifies departure from our | ausual practice, relator is to be furnished the requested records”) (quoting Lockett v. Ohio, 438 U.S. 586, 603, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973, 989 (1978) (citations omitted)). We therefore deem the trial court’s decision to subject the transcript in question to in camera review appropriate. The trial court is directed to reconsider relator’s request in light of his specific factual allegations and disclose only those portions of the transcript when disclosure is supported by compelling necessity.
VICTORY, J., would grant the -writ and reverse the order of the trial court granting defendant access to the grand jury transcript.
KNOLL, J., would grant the writ and reverse the order of the trial court granting defendant access to the grand jury transcript.