737 So.2d 1 (1999)
In re GRAND JURY.
No. 98-KK-2277.
Supreme Court of Louisiana.
April 13, 1999.
*3 Richard P. Ieoyoub, Attorney General, Douglas P. Moreau, District Attorney, John A. Cannon, for Applicant.
Michael S. Fawer, Covington, Lewis O. Unglesby, Karl J. Koch, Charles S. McCowan, Jr., Baton Rouge, Arthur A. Lemann, III, for Respondent.
JOHNSON, Justice.[*]
We granted certiorari in this case to determine whether state grand jury materials may be provided to federal authorities without a subpoena or contradictory hearing. The trial court signed an order presented by East Baton Rouge Parish District Attorney Doug Moreau releasing the transcripts and/or audio tapes of the East Baton Rouge Parish grand jury to Mr. Eddie Jordan, United States Attorney for the Eastern District of Louisiana. Following release of the materials to federal authorities, Plaintiffs filed a motion in the district court for hearing, reconsideration and recall of the 1997 order releasing the grand jury materials, which was denied. The Plaintiffs then applied for writs to the First Circuit Court of Appeal. The Court of Appeal granted the writ in part and denied in part. In re Grand Jury, 98-1597 (La.App. 1st Cir. 7/27/98) (unpublished writ ruling). The court found that a party seeking the release of grand jury materials must prove that the need for disclosure outweighs the constitutional mandate of grand jury secrecy and show *4 with particularity a compelling necessity for the release. The court vacated the order releasing the grand jury materials and remanded the matter to the trial court for a contradictory hearing to establish the compelling necessity for releasing the grand jury materials. The East Baton Rouge Parish District Attorney sought review of the Court of Appeal's decision and we granted certiorari. In Re Grand Jury, 98-2277 (La.9/16/98), 721 So.2d 478. For reasons discussed below, we affirm the Court of Appeal's decision and remand the matter to the trial court.

FACTS AND PROCEDURAL HISTORY
An East Baton Rouge Parish grand jury began investigating the licensing process for Louisiana riverboat gambling operators and other related matters in 1993. On July 25, 1997, United States Attorney Eddie Jordan sent a letter to East Baton Rouge Parish District Attorney Doug Moreau requesting transcripts of all witnesses who testified before any state grand juries in East Baton Rouge Parish regarding, either directly or indirectly, the licensing of riverboat casinos, including but not limited to appearances by former Governor Edwin W. Edwards and his son Stephen Edwards. In response to the request, Mr. Moreau prepared a motion and order for release of the grand jury transcripts and/or audio tapes to be signed by the duty judge in the Nineteenth Judicial District Court. Mr. Moreau was advised that the duty judge for the week was out of the courthouse at the time and that Judge Timothy Kelley was handling duty matters in his absence. The motion and order were presented to Judge Kelly for review. After reviewing the motion for a few minutes, Judge Kelly signed the order releasing the transcripts and/or audio tapes of the East Baton Rouge Parish grand jury to the United States District Court for the Eastern District grand jury and United States Attorney Eddie Jordan.[1] The federal authorities were informed that the order releasing the transcripts and/or audio tapes had been signed. The District Attorney then gathered and reproduced the materials, which were picked up by FBI agents. The signed order was not filed into the grand jury records, but was held by the District Attorney.
The subjects of the East Baton Rouge Parish grand jury, former Governor Edwin Edwards and his son, Stephen Edwards, learned of the transfer of the materials in April, 1998. These subjects requested a fact-finding inquiry into the transfer of the grand jury information to federal authorities and filed a motion for appropriate relief on April 28, 1998. This request was denied by Judge Mike Erwin on April 29, 1998. At this time, the District Attorney presented the signed order releasing the material to the federal authorities. Judge Erwin ruled that no such motion was recognized by law and that the release of the materials complained of had been authorized by Judge Kelley's order. The subjects then filed a motion for hearing, reconsideration, and recall of the 1997 order releasing the grand jury materials in Judge Timothy Kelley's Court. This motion was denied by Judge Kelley. He determined that releasing the grand jury material was consistent with the spirit of the Louisiana Code of Criminal Procedure and analogous to the procedure set out in La.Code Crim. Proc. art. 434(B). Further, the release of the material directly to another grand jury ensured that the secrecy of the state grand jury would be maintained. The First Circuit Court of Appeal vacated the trial court's order releasing the state grand jury materials to the federal authorities finding that a release of grand jury materials required a showing of compelling necessity for the materials at a contradictory hearing. The correctness of this determination is now before the Court.

*5 DISCUSSION
Louisiana Constitution Article V, Section 34 in part provides that the secrecy of grand jury "proceedings including the identity of witnesses, shall be provided by law." As such, La.Code Crim. Proc. art. 434 requires members of the grand jury, others present at grand jury meetings, and those having confidential access to grand jury information to keep secret the witnesses' testimony and all other matters occurring during the grand jury meetings.[2] In State v. Trosclair, 443 So.2d 1098 (La. 1983), which involved a request for the production of grand jury testimony by a defendant charged with bribery of sports participants, this court recognized the importance of grand jury secrecy and the reasons stated for maintaining grand jury secrecy.
It is a long established policy that the secrecy of grand jury proceedings should be carefully maintained. Many reasons for this have been stated. Secrecy helps to prevent the escape of prospective indictees by providing no forewarning to them of the investigation in progress; it insures that the grand jury investigation can proceed freely by protecting the grand jurors from outside influences and threats of reprisal; it serves to prevent the subordination of perjury and tampering of witnesses by targets of the investigation; it promotes free and open disclosure of information by witnesses without fear of retaliation; and finally, it acts as a shield by protecting innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. However, the secrecy of grand jury proceedings is not absolute. The Supreme Court has stated that "in some situations, justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings."
Trosclair, 443 So.2d 1098, 1102 (citations omitted).
In determining whether to permit discovery of grand jury transcripts, this Court has followed the same approach as the federal courts. See State v. Trosclair, 443 So.2d 1098 (La.1983); State v. Ates, 418 So.2d 1326 (La.1982); State v. Peters, 406 So.2d 189 (La.1981); State v. Martin, 376 So.2d 300 (La.1979). The grand jury occupies a high place in the federal system of criminal lawso much so that it is enshrined in the Constitution. United States v. Sells Engineering Inc., 463 U.S. 418, 423, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743 (1983); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959); Costello v. United States, 350 U.S. 359, 361-362, 76 S.Ct. 406, 407-408, 100 L.Ed. 397 (1956). *6 It serves the "dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions." Branzburg v. Hayes, 408 U.S. 665, 686-687, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626 (1972). Concern for this dual function underlies the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble, 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). The United States Supreme Court explained this long-established policy in Douglas Oil Co. v. Petrol Stops Northwest:
We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. For all these reasons, courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury.
Douglas Oil Co., 441 U.S. 211, 218-219, 99 S.Ct. 1667, 1672-1673, 60 L.Ed.2d 156 (1979) (footnotes and citations omitted).
The policy of maintaining the secrecy of grand jury proceedings has been codified in Rule 6(e) of the Federal Rules of Criminal Procedure. Grand jurors, government attorneys and their assistants, and other personnel attached to the grand jury are forbidden to disclose matters occurring before the grand jury. Rule 6(e)(2). Six exceptions to this general rule forbidding disclosure are set forth in Rule 6(e)(3).[3] *7 Under Subparagraph A, disclosure may be made, without a court order, to government attorneys for use in the performance of their duties and to government personnel to assist government attorneys in the performance of their duty to enforce federal criminal law. Rule 6(e)(3)(A)(i) and (ii). Subparagraph C allows court ordered disclosure in certain situations, that is, (1) preliminarily to or in connection with a judicial proceeding, Rule 6(e)(3)(C)(i); (2) at the request of the defendant, upon a showing that grounds may exist for dismissing the indictment because of matters occurring before the grand jury, Rule 6(e)(3)(C)(ii); and (3) at the request of a government attorney, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law, Rule 6(e)(3)(C)(iv). Subparagraph C also allows disclosure by a government attorney to another federal grand jury. Rule 6(e)(3)(C)(iii).
The Court elaborated further in Douglas Oil and set forth the standard for determining when the traditional secrecy of the grand jury may be broken:
Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the continued need secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in Dennis. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries....
It is clear from Proctor[Procter] & Gamble and Dennis that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum, as so often is the situation in our jurisprudence, the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure *8 is ordered, the court may include protective limitations on the use of the disclosed materials....
441 U.S. 211, 222-223, 99 S.Ct. 1667, 1674-1675, 60 L.Ed.2d 156 (footnotes and citations omitted).
Clearly, the indispensability of grand jury secrecy provisions places a heavy burden on persons seeking disclosure of grand jury materials. A party seeking disclosure has the burden of proving a compelling necessity for the material sought, and the need must be demonstrated "with particularity." That is, the party seeking disclosure must prove that without access to the grand jury materials the party's case would be "greatly prejudiced" or that an "injustice would be done." Furthermore, a general wholesale request for transcripts does not satisfy the requirement of demonstrative particularized need. United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).
As previously stated, this Court has adhered to federal jurisprudence in interpreting state grand jury secrecy laws. This Court recognizes the strong public policy in favor of maintaining the secrecy of grand jury proceedings, however, there is also a strong policy in favor of openness in civil, as well as criminal, discovery and grand jury transcripts often provide "a storehouse of relevant fact." Trosclair, 443 So.2d 1098, 1103, citing, Dennis v. United States, 384 U.S. 855, 873, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973. Generally, La.Code Crim. Proc. art. 434 prohibits the disclosure of grand jury material by members of the grand jury and others present. However, disclosure is allowed in four situations:
(1) After the indictment, members of the grand jury and other persons present may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney or the court;
(2) Members of the grand jury and other persons present may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury;
(3) A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court; and
(4) Whenever a grand jury of one parish discovers that a crime may have been committed in another parish of the state, the foreman of that grand jury, after notifying his district attorney, shall make that discovery known to the attorney general. The district attorney or the attorney general may direct to the district attorney of another parish any and all evidence, testimony, and transcripts thereof, received or prepared by the grand jury of the former parish, concerning any offense that may have been committed in the latter parish, for use in such latter parish.
La.Code Crim. Proc. art. 434(A) & (B)
The disclosure provisions in Article 434 do not cover the situation raised in this case. This case deals with the disclosure of state grand jury materials by a district attorney to federal authorities. Rule 6(e) provides for a disclosure of federal grand jury materials by a federal attorney to state authorities. Such a transfer requires court approval and a showing that the matters sought may disclose a violation of state criminal law. Our decision in Trosclair, requiring a defendant to show a particularized need for disclosure which outweighed the need for secrecy, is an adaptation of the Rule 6(e) requirement. Other states have similar requirements for the release of grand jury materials to federal authorities. See, e.g., 42 Pa. Cons.Stat. Ann. § 4549(b) (1981); Miss.Code Ann. § 13-7-29 (Supp.1995); Mont.Code Ann. § 46-11-317 (1994); Tenn.Code Ann. § 40-12-210 (1990); Wash. Rev.Code Ann. § 10.27.090 (West 1990); D.C.Super. Ct. R.Crim. P. 6(e)(3). *9 Demonstrating particularized need for the materials requires more than just proof that there is a possible violation of state criminal law or that there is an ongoing state criminal investigation. Disclosure of federal grand jury materials to a state district attorney to aid in the investigation of state criminal violations does not meet the particularized need standard, that is to say, the mere fact that an ongoing state grand jury proceeding is seeking information on an individual already subject to a federal grand jury investigation does not establish particularized need. In re Petition for Disclosure of Evidence Taken Before the Special Grand Jury Convened on May 8, 1978, 650 F.2d 599, 601-602 n. 3 (5th Cir.1981). Therefore, the Court of Appeal was correct in concluding that the party seeking disclosure in this case had not established with particularity a compelling necessity for the disclosure.

ASSIGNMENTS OF ERROR 1, 2, 3, AND 4
The District Attorney raises four assignments of error concerning the propriety of the Court of Appeal's decision requiring a showing of "compelling necessity" at a contradictory hearing in order for a federal grand jury to have access to state grand jury information. The District Attorney argues that a federal grand jury's statutory and constitutional authority obviates this requirement. In addressing this argument, we turn to Article VI, Cl. 2 of the United States Constitution:
This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby, any Thing in the Constitution of Laws of any State to the Contrary notwithstanding.
The jurisprudence makes clear that, by virtue of the supremacy clause, state legislation must yield whenever it comes into conflict with an Act of Congress or the superior authority of the Constitution. McDermott v. Wisconsin, 228 U.S. 115, 137, 33 S.Ct. 431, 57 L.Ed. 754 (1913); Savage v. Jones, 225 U.S. 501, 533, 32 S.Ct. 715, 56 L.Ed. 1182 (1912). As a product of the Fifth Amendment, the supremacy of the grand jury's constitutional investigatory powers has resulted in the enforcement of federal grand jury subpoenas despite state statutes which would otherwise prohibit compliance. See, e.g., Matter of Special April 1977 Grand Jury, 581 F.2d 589, 593 (7th Cir.), cert. denied, 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978); Carr v. Monroe Mfg. Co., 431 F.2d 384, 388 (5th Cir.1970), cert. denied, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971); In the Matter of Subpoena Duces Tecum to the Honorable Kevin M. Dillon, 824 F.Supp. 330, 334 (W.D.N.Y.1992); In re 1980 United States Grand Jury Subpoena Duces Tecum, 502 F.Supp. 576, 579-80 (E.D.La.1980); United States v. Grand Jury Investigation, 417 F.Supp. 389, 393 (E.D.Pa.1976); In re Grand Jury Subpoena, 382 F.Supp. 1205 (W.D.N.Y.1974). Seemingly, a federal grand jury can obtain state grand jury records pursuant to a subpoena, regardless of state grand jury secrecy laws. However, the Courts have recognized that policies of comity and federalism require some deference to the objectives sought to be achieved by the state confidentiality provisions. Socialist Workers Party v. Grubisic, 619 F.2d 641 (7th Cir.1980); Matter of Special April 1977 Grand Jury, 581 F.2d 589 (7th Cir.1978). In Socialist Workers Party, the State's Attorney appealed a district court order requiring production of state grand jury transcripts for use in a federal civil rights lawsuit. The Court held:
[W]hen state grand jury proceedings are subject to disclosure, comity dictates that the federal courts defer action on any disclosure requests until the party seeking disclosure shows that the state supervisory court has considered his request *10 and has ruled on the continuing need for secrecy....
This preliminary stage is designed merely to forestall unnecessary intrusion by the federal courts in state grand jury proceedings or, at least, to ensure that the important state interest in secrecy is thoroughly considered.
Socialist Workers Party, 619 F.2d 641, 644 (7th Cir.1980).
The District Attorney is incorrect in his assertion that the required showing of compelling necessity at a contradictory hearing is obviated by a federal grand jury's statutory and constitutional authority. While the case law clearly establishes that a federal grand jury can obtain state grand jury materials pursuant to a subpoena[4], comity prescribes that the state court with supervision over the grand jury rule on the continuing need for secrecy prior to the disclosure. However, the case sub judice does not involve a federal grand jury subpoena. The question of whether a federal grand jury was even empaneled to investigate riverboat gambling at the time this material was released is still unresolved. The grand jury material was released pursuant to a letter from the United States Attorney requesting the information. The letter simply states that "our office is conducting a federal criminal investigation into the activities of former governor Edwin W. Edwards and others." The letter makes no mention of a grand jury investigation or a particularized need for the information. This amounts to a general wholesale request for information and such requests do not satisfy the requirement of demonstrative particularized need. United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Louisiana grand jury secrecy laws do not yield to informal request by United States Attorneys for the release of state grand jury materials. Absent a subpoena issued by a federal grand jury, the release of state grand jury materials requires a showing of compelling necessity at a contradictory hearing before the Court with supervision over the state grand jury. Furthermore, the required showing of compelling necessity for the release of grand jury information applies to government attorneys as well as private litigants.[5] The disclosure of the East Baton Rouge Parish grand *11 jury materials to United States Attorney Eddie Jordan required a showing of compelling necessity with particularity before the Nineteenth Judicial District Court. Judge Kelley's Order does not meet this requirement and the Court finds that the District Attorney's assignments of error concerning the propriety of the compelling necessity requirement are without merit.

ASSIGNMENTS OF ERROR 5, 6, AND 7
The District Attorney also raises three assignments of error concerning the parties standing to raise their allegations even though they asserted no right or cause of action and named no defendant or respondent. The subjects of the grand jury investigation do have standing to contest the ex parte release of the state grand jury information. To establish standing to contest the release of grand jury materials, the party must show injury in fact and membership in the class of persons grand jury secrecy laws were designed to protect. Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). The indictment of Edwin and Stephen Edwards by the federal grand jury is a sufficient showing of injury in fact to establish standing. The Edwardses also fall within the class of persons meant to be protected by grand jury secrecy laws since the secrecy laws were designed to protect innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. The East Baton Rouge Parish Grand Jury did not return an indictment, so the accusations made before that grand jury have the potential to injure the Edwardses' reputations. The federal grand jury indictment does not remove this protection from the Edwardses. Additionally, grand jury secrecy laws are meant to protect witnesses. The Edwardses freely testified before the East Baton Rouge Parish Grand Jury as witnesses, not targets. The privilege of secrecy belongs to the witness. See In re Sealed Motion, 880 F.2d 1367, 1371-1372 (D.C.Cir.1989); 8 J. Wigmore, Evidence, § 2362 at 736 (McNaughton Rev.1961). The Court finds the parties do have standing to contest the release of the grand jury transcripts and the District Attorney's argument to the contrary is meritless.
Furthermore, the fact that the materials have already been released to the federal authorities does not make the issues raised by this appeal moot. A finding of mootness is precluded when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party [will] be subjected to the same action again." First National Bank of Boston v. Bellotti, 435 U.S. 765, 774, 98 S.Ct. 1407, 1414, 55 L.Ed.2d 707 (1978); Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). First, not only was the challenged action too short in duration to be fully litigated prior to the release of the transcripts, the parties did not learn of the release for almost a year. The District Attorney did not file the order releasing the grand jury transcripts in the Clerk of Court's office, nor did he give the parties notice of the request for disclosure.[6] Second, although an indictment has been returned by the federal grand jury, we have no guarantee that the United States Attorney's Office is not conducting further investigations of the Edwardses based on the information obtained from the East Baton Rouge *12 Parish Grand Jury. It is reasonable to expect that the Edwardses may be subjected to the same action again. As stated by the Ninth Circuit Court of Appeal, "[e]ach day this [release] order remains effective the veil of secrecy is lifted higher by disclosure to additional personnel and by the continued access of those to whom the materials have already been disclosed." In re Grand Jury Investigation No. 78-184, 642 F.2d 1184, 1187-1188, affirmed, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).
Finally, the District Attorney argues that the only matter before this Court is the First Circuit's Order vacating the Trial Court decision and remanding the matter for a contradictory hearing. The Court of Appeal denied the writ application filed by the subjects in all other respects. Therefore, the District Attorney asserts that the issues concerning whether a federal grand jury was empaneled at the time the state grand jury materials were released and the effect of the March 22, 1994 Order by Judge Ralph Tyson sealing the entire record of the matter under investigation by the East Baton Rouge Parish Grand Jury are not before this Court. This argument fails to account for the effect an order vacating judgment has on the proceedings. By vacating the order signed by Judge Kelley, the Court of Appeal has annulled the order and subsequent release of the grand jury material. Judge Kelley's order never existed and the matter is remanded for a contradictory hearing to show compelling necessity for the release of the information. The issue of whether a grand jury was empaneled at the time the release was initially sought is pertinent to showing a compelling necessity for the release.[7] Furthermore, the March 22, 1994 Order raises the question of whether the entire grand jury record was sealed and whether further orders of the Judge who signed the Order are necessary to release the information.

CONCLUSION
Louisiana grand jury secrecy laws allow for the disclosure of state grand jury materials in the situations provided in La. Code Crim. Proc. art. 434. Outside of those situations, a party seeking disclosure of state grand jury materials must show a compelling necessity for the materials at a contradictory hearing. This required showing of compelling necessity applies to federal authorities, private parties, public agencies, plaintiffs, and defendants. No such showing was made in the present matter, therefore, the release of East Baton Rouge Parish grand jury materials to United States Attorney Eddie Jordan was improper. The United States Attorney is not immune from the required showing of compelling necessity.

DECREE
For the aforementioned reasons, the decision of the Court of Appeal is affirmed and this matter is remanded to the district court for proceedings consistent with this opinion.
AFFIRMED AND REMANDED.
VICTORY, J., dissents and assigns reasons.
VICTORY, J., dissenting.
In my view, the Court should dismiss this case. The majority is affirming a court of appeal decision to remand this case to a state trial judge, who, after a contradictory hearing, will render an advisory opinion as to whether or not the action already taken by the state trial court was proper. Such an opinion will not be used by any state court to further any state proceedings, will not be used by any state court to attempt to reclaim possession of the materials released, and will *13 not serve to keep the materials released from "disclosure to additional personnel and by the continued access of those to whom the materials have already been disclosed." Slip. Opinion at 12 (citing In re Grand Jury Investigation No. 78-184, 642 F.2d 1184, 1187-1188, affirmed, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983)). There is no evidence that there has been any significant number of releases of grand jury materials in the past by state officials without a showing of "compelling necessity," nor that there will be in the future.
The appropriateness of the disclosure and the resulting consequences will ultimately have to be addressed by the federal court exercising jurisdiction over the defendants' case. This can be done using the settled state and federal law cited by the majority. It serves no state interest for our state judges to use their valuable time and resources rendering advisory opinions in this case when the "horse is out of the barn," we will not order federal officials to return the materials or even stop using them, and the federal courts ultimately will make all the decisions that really matter. We should not allow our courts to be used in this way, and should dismiss this case, leaving the defendants in the federal case to raise these matters in federal court.
Accordingly, I respectfully dissent.
NOTES
[*] Marcus, J., not on panel. See Supreme Court Rule IV, Part 2, Sec. 3.
[1] The order releasing the grand jury material was not dated by Judge Kelley.
[2] La.Code Crim. Proc. art. 434 provides the following:

A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.
B. Whenever a grand jury of one parish discovers that a crime may have been committed in another parish of the state, the foreman of that grand jury, after notifying his district attorney, shall make that discovery known to the attorney general. The district attorney or the attorney general may direct to the district attorney of another parish any and all evidence, testimony, and transcripts thereof, received or prepared by the grand jury of the former parish, concerning any offense that may have been committed in the latter parish, for use in such latter parish.
C. Any person who violates the provisions of this article shall be in constructive contempt of court.
[3] Fed. Rules Crim. Proc. 6(e)(2) and (3) provide the following:

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt or court.
(3) Exceptions.
(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to
(i) an attorney for the government for use in the performance of such attorney's duty; and
(ii) such government personnel (including personnel of a state or subdivision of a state) as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.
(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made, and shall certify that the attorney has advised such persons of their obligation of secrecy under this rule.
(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be make
(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury;
(iii) when the disclosure is made by an attorney for the government to another federal grand jury; or
(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.
If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.
(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding if disclosure is sought in connection with such a proceeding, and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard.
(E) If the judicial proceeding giving rise to the petition is in a federal district court in another district, the court shall transfer the matter to that court unless it can reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper. The court shall order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy. The court to which the matter is transferred shall afford the aforementioned persons a reasonable opportunity to appear and be heard.
[4] Fed. Rules Crim. Proc. 17 governs the issuance of subpoenas duces tecum in federal criminal proceedings, including federal grand jury proceedings. In pertinent part, Rule 17 provides:

(a) For Attendance of Witnesses; Form; Issuance. A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein....
(c) For Production of Documentary Evidence and of Objects. A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.
[5] It should also be pointed out that this standard governs disclosure to public parties as well as private parties. See United States v. Sells Engineering, Inc., 463 U.S. 418, 444, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983) ("same standard governs disclosure to Government officials as well as private parties, but is flexible and accommodates any relevant considerations"); U.S. v. John Doe, Inc., 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987) (Justice Department antitrust division attorneys must have a court order resting on a showing of particularized need before releasing grand jury material to attorneys in civil division and local U.S. Attorney); U.S. v. Baggot, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983) (no release of grand jury testimony of target of securities investigation to IRS for an audit to set civil tax liability absent particularized need and showing that release is preliminary to or in connection with a judicial proceeding).
[6] Federal Rules Crim. Proc. 6(e)(3)(D) allows for an ex parte disclosure hearing when the petitioner is the government. However, the Courts interpreting this provision have rejected the notion that when the petitioner is the government, all hearings must be ex parte. In re Grand Jury Investigation No. 78-184, 642 F.2d 1184 (9th Cir.1981); Petition of the United States for Disclosure of Grand Jury Matters (Miller Brewing Co.), 510 F.Supp. 585, 586-587 (E.D.Wis.1981); In re Grand Jury Matter, 495 F.Supp. 127, 134 (E.D.Pa.1980). This interpretation leads to the conclusion that notice of a request for disclosure should be provided to the persons whose testimony is the subject of the request.
[7] The dates of commencement of a federal grand jury are not subject to the secrecy rule. In re Grand Jury Investigation, 903 F.2d 180 (3rd Cir.1990). Since the information is not subject to the secrecy rule, the commencement date of the federal grand jury investigation on Louisiana riverboat gambling will resolve the question of whether an empaneled federal grand jury sought the state materials.