I t GAUDIN, Judge.
This appeal arises out of the judicial commitment of Erin B. to Central Louisiana State Hospital on March 8, 1999. Erin B. argues that the trial court erred in committing her to a state mental facility because she is not a danger to herself or others and because she is not disabled as a result of her mental illness. The trial court found that Erin B. was gravely disabled because she has a mental illness and that she refuses to take her medication.
On appeal, Erin B. alleges these mistakes:
(1) the trial court erred by committing her for her own welfare and the welfare of the community, and as such was contrary to law, and
(2) the trial court erred in granting the judgment of civil commitment as it was not based on clear and convincing evidence of grave disability or dangerousness to self or others due to mental illness, and as such was contrary to law.
In the trial court judgment, Erin B. was committed for no longer than 180 days or until she be discharged or conditionally discharged by Central Louisiana State Hospital. The judgment further ordered that there be a hearing conducted on June 14, 1999 to review Erin B.’s case and that the ^director of the state facility must notify the court if Erin B. is discharged earlier. Erin B. was admitted to Central Louisiana State Hospital on March 31, 1999.
At the June, 1999 hearing, Erin B.’s further commitment was ordered. She remained in the hospital until her treating physician ordered her conditionally discharged on August 16,1999.
It is well-settled that courts will not decide abstract, hypothetical or moot controversies. See Louisiana Associated General Contractors, Inc. v. State Through Div. Of Admin., Office of State Purchasing, 95-2105 (La.3/8/96); 669 So.2d 1185, 1193.
Here, the issues Erin B. brings to this Court’s attention became moot upon her conditional discharge on August 16, 1999. There is no subject matter on which the judgment of the Court can meaningfully operate, particularly in view of Erin B.’s two assignments of error.
*946 Erin B. is neither seeking damages for an illegal commitment nor does she now contend that any condition of her discharge could or should not be complied with. A defense of mootness can be overcome if (1) the challenged action was in duration too short to be fully litigated pri- or to its cessation 'or expiration or (2) there is a reasonable expectation that the complaining party — in the instant case, Erin B. — will be subjected to the same action again. See In Re Grand Jury, 737 So.2d 1 (La.1999). Here, the record shows that (1), above, was not the case and that (2), above, is not apparent or likely.
APPEAL DISMISSED AS BEING MOOT.