751 So.2d 946 (2000)
In re ERIN B.
No. 99-CA-496.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 2000.
Rehearing Denied March 8, 2000.
*947 Joseph C. Seyler, Mental Health Advocacy Service, New Orleans, Louisiana, Counsel for respondent-appellant.
Gregory G. Gremillion, Walter P. Maestri, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, Louisiana, Counsel for appellees, Carolyn Broussard and Daniel Broussard, Jr.
Court composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and CLARENCE E. McMANUS.

ON REMAND
McMANUS, Judge.
This matter comes before us on remand from the Supreme Court. Previously, we dismissed the appeal as moot. In re Erin B., 99-496 (La.App. 5 Cir. 10/26/99), 751 So.2d 944, writ granted, judgment vacated and case remanded, 99-3330 (La.12/8/99), 751 So.2d 854.
This appeal arises out of the judicial commitment of Erin B. to Central Louisiana State Hospital on March 8, 1999. Erin B. argues that the trial court erred in committing her to a state mental facility because she is not a danger to herself or others and she is not gravely disabled as a result of her mental illness. The trial court found that Erin B. was gravely disabled because she has a mental illness and she refuses to take her medication. In its judgment, the trial court ordered that Erin B. be committed for no longer than 180 days or until she be discharged or conditionally discharged by Central Louisiana State Hospital. The judgment further ordered that there be a hearing conducted on June 14, 1999, to review Erin B.'s case unless the Director of the Central Louisiana State Hospital conditionally discharged Erin B. Erin B. was admitted to Central Louisiana State Hospital on March 31, 1999. On June 15, 1999, the trial court reviewed Erin B.'s case and ruled that its prior order of commitment dated March 8, 1999, remain in full force. Erin B. remained in Central Louisiana State Hospital until her treating physician, Dr. V. Boppona, ordered her to be conditionally discharged on August 16, 1999.
On appeal, Erin B. alleges these trial court errors:
1) the trial court erred by committing her for her own welfare and the the welfare of the community, and as such was contrary to the law and
2) the trial court erred in granting the judgment of civil commitment as it was not based on clear and convincing evidence of grave disability or dangerousness to self or others due to mental illness, and as such was contrary to law.
We address both assignments together. LSA-R.S. 28:55(E)(1) provides that if the court finds by clear and convincing evidence that the subject is dangerous to self or others or is gravely ill, it shall render a judgment of commitment. On appeal, the evidence must be reviewed for strict adherence to the enhanced standard of proof required by constitutional and statutory law, notwithstanding the great deference that appellate courts traditionally accord a trial court's factual findings. In re H.W., 94-0406 (La.App. 4 Cir. 9/29/94), 644 So.2d 225, 227; In the Matter of M.M., 552 So.2d 528, 529 (La.App. 2 Cir.1989). Absent manifest error, this *948 court must affirm the decision of the trial court. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). However, because of the deprivations to personal and liberty interests that are involved in a civil commitment, the procedure requires due process protections. Vitek v. Jones, 445 U.S. 480, 487-88, 100 S.Ct. 1254, 1260-61, 63 L.Ed.2d 552 (1980); Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 1808-09, 60 L.Ed.2d 323 (1979). Thus, there must be proof of at least one of the three statutory grounds for commitment. In re H.W., 644 So.2d at 228.
In its judgment, the trial court found that Erin B. was gravely disabled because she has a mental illness and she refuses to take her medication.
A person may be committed when she is found to be "gravely disabled." That term is defined by the Mental Health Law, LSA-R.S. 28:2(10) as:
the condition of a person who is unable to provide for his own basic physical needs, such as essential food, clothing, medical care, and shelter, as a result of serious mental illness or substance abuse and is unable to survive safely in freedom or protect himself from serious harm.
In order to prove grave disability, it must be established that a person is both unable to provide for her basic needs and unable to survive safely in freedom or protect herself from serious harm. In re H.W., 644 So.2d at 228. The statute clearly requires that both elements be proven; the contention that proof of either of these elements is sufficient has been expressly rejected. In the Matter of M.M., 552 So.2d at 529.
With respect to the first requirement, that the person be unable to care for herself, testimony at the hearing showed that Erin B. suffered from a schizo-affective and bi-polar disorder. Dr. Charles K. Billings treated Erin B. after she was admitted to West Jefferson Medical Center on February 9, 1999, just one month prior to her judicial commitment on March 8, 1999. Dr. Billings testified that Erin B. was prescribed Risperdal, an anti-psychotic medication and Depracote, a mood stabilizing medication. Dr. Billings testified that Erin B. has a eighteen year history of psychiatric illness which has been characterized by either depressive episodes or hyperactive episodes. Dr. Billings further testified that she never really achieved a sustained period of normal behavior during her hospitalization. Dr. Billings opined that Erin B. was gravely ill and noted that "she still does not accept the fact that she has a serious mental disorder that requires medical treatment, including medication." He further stated that "her thinking is still focused primarily on a number of religious issues where she basically believes that her faith and that God will take care of everything and that she does not have to have treatment itself." This evidence, when taken together, indicates that Erin B. potentially could not care for herself, specifically with respect to her mental well-being, through adequate medical attention and supervision. The evidence rather indicates that Erin B. was in need of commitment.
As for the second requirement, that the person be unable to survive safely in freedom or protect herself from serious harm, there is evidence in the record indicating that this requirement is also met. For example, although Erin B. is 28 years old, testimony at trial showed that she only supports herself with her social security disability check. Absent her social security disability check, Erin B., who is, in fact, unemployed, would not be able to care for her own person. At the time that Erin B. was hospitalized in February of 1999, she had been homeless and her physical admission tests indicated that she was malnourished because of a vitamin deficiency. When Erin B. was judicially committed in March of 1999, she again was homeless and sleeping on the porch of an acquaintance's rental home. Dr. Billings expressed his belief that Erin B. is "vulnerable to being used or manipulated by other people; that she could be taken advantage *949 of in a number of ways, including financial, behavioral, sexual, and that would be of great harm to her." Dr. Billings further testified that Erin B. "has difficulty carrying on normal, every day conversations and taking care of practical matters such as managing her funds, getting a place to stay and having every day conversations with other people." He noted that for those reasons, he is worried that absent treatment, "she would continue to be homeless, continue to be at the mercy of others and the past several month (sic) history would continue." As such, there is sufficient evidence to conclude that Erin B. could not survive safely in freedom or protect herself from serious harm.
For the foregoing reasons, we conclude that the requirements for judicial commitment of Erin B. were satisfied. Accordingly, we affirm the trial court's judgment.
PREVIOUS OPINION VACATED, JUDGMENT AFFIRMED.
CANNELLA, J., dissents with reasons.
CANNELLA, J., dissenting.
I respectfully dissent from the majority opinion. First, the opinion contains information that is not in the record before us on appeal. And second, even with that information in my view petitioners did not meet their burden of proof by clear and convincing evidence that Erin B. was a danger to herself or others or that she was gravely disabled, i.e., unable to provide for her own basic physical needs and unable to survive safely in freedom or protect herself from serious harm.
Erin B., a twenty-eight year old, has for quite a while been providing for her own physical needs and has kept herself safe. There was no evidence that her physical needs were not being met. Although Dr. Billings testified that her red blood count was high upon hospital entry, which he opined is sometimes due to a vitamin deficiency, he did not state that she was mal-nourished. Further, although she had slept on a porch for three nights, she explained that she had done so with the landlord's permission and with a plan to rent the house as soon as her funds were available. She receives $500 per month in disability payments and evidenced some budgeting skills in her testimony about how much she could spend on housing in relation to how much she receives. She also testified that she had tried homeless shelters and did not like them. There was no evidence that she has ever been harmed in any way.
It seems clear that Erin B. does suffer from some mental illness that could likely be improved through medication. However, that is not grounds for judicial commitment. She articulately testified that she was aware of her mental condition and the medication that she could take, but that she preferred not to take the medication because of its side effects. While we may disagree with the choices Erin B. is making, I do not find sufficient evidence in the record before us to support the decision for judicial commitment. Accordingly, I dissent.