I,WOODARD, Judge.
Mr. Edmond Bruce Pettibone appeals the trial court’s refusal to allow him access to the grand jury proceedings pertinent to Pettibone v. Belt. We affirm.
* * * * *
On August 7, 1992, the State arrested Mr. Pettibone for simple sexual assault and indecent exposure with a minor. Several days later, while in the Sheriff Department’s custody, he was arrested for aggravated rape. On November 21, 1995, under the Louisiana Public Records Act of Title 44 he moved, pro se, to view, copy, or mechanically reproduce any and all authentic documents pertinent to the investigation leading to his subsequent arrest. More specifically, he sought the release of grand jury proceedings and production of an arrest warrant, arising out of his conviction for aggravated rape, docket number 72,518B, on December 10, 1993 in the Twelfth Judicial District Court. Subsequently, on May 28, 2002, he filed an application for a writ of mandamus and a petition for habeas corpus ad testifican-dum, seeking the above documents, as well as damages. On July 10, 2002, the trial court heard the matter and found that Mr. Pettibone was entitled to the transcript of any court proceedings conducted in his case on August 18, 1992 and the transcript of any proceedings conducted in his case for a pre-trial hearing on November 23, 1992. However, it denied his request for the transcript of grand jury proceedings. Mr. Pettibone appeals.
*****
Grand Jury Prooeedings
Under the Louisiana Constitution Article V, Section 34, the secrecy of grand jury “proceedings including the identity of witnesses, shall be provided by law.” La. Code Crim.P. art. 434 codifies this law, thus requiring that members of the grand jury, others present at grand jury meetings, and those having confidential access to grand jury information keep secret witnesses’ testimonies, as well as all other matters occurring during the grand jury meetings. It permits four exclusions to the general secrecy provisions:
| ¡.A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when *1267 permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.
B. Whenever a grand jury of one parish discovers that a crime may have been committed in another parish of the state, the foreman of that grand jury, after notifying his district attorney, shall make that discovery known to the attorney general. The district attorney or the attorney general may direct to the district attorney of another parish any and all evidence, testimony, and transcripts thereof, received or prepared by the grand jury of the former parish, concerning any offense that may have been committed in the latter parish, for use in such latter parish.
C. Any person who violates the provisions of this article shall be in constructive contempt of court.[1]
In State v. Trosclair,[2] the Louisiana Supreme Court recognized the importance of grand jury secrecy. Since then, the court has consistently held:
Secrecy helps to prevent the escape of prospective indictees by providing no forewarning to them of the investigation in progress; it insures that the grand jury investigation can proceed freely by protecting the grand jurors from outside influences and threats of reprisal; it serves to prevent the subornation of perjury and tampering of witnesses by targets of the investigation; it promotes free and open disclosure of information by witnesses without fear of retaliation; and finally, it acts as a shield by protecting innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. However, the secrecy of grand jury proceedings is not absolute. The [U.S.] Supreme Court has stated that “in some situations, justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings.”
|s(Citations omitted.)
Because judicial policy promotes openness in civil and criminal cases, we are careful to weigh and balance policy considerations against statutes. Grand jury secrecy laws allow for the disclosure of state grand jury materials in the situations for which La.Code Crim.P. art. 434 provides. Aside from the express exceptions, a party seeking disclosure of state grand jury materials must show a compelling necessity for the materials at a contradictory hearing.[3] The trial court found that Mr. Pettibone failed to meet his burden or to demonstrate a compelling necessity for disclosure of the grand jury proceedings because he failed to submit any documentation and/or evidence to support his allegation that the district attorney conspired to convene an illegal grand jury. We agree.
Finding no error, we affirm the trial court’s ruling.
CONCLUSION
Mr. Pettibone appealed the trial court’s refusal to grant him access to grand jury proceedings relevant to his case. Finding no error, we affirm the trial court’s ruling.
AFFIRMED.

. La.Code Crim.P. art. 434.

. 443 So.2d 1098, 1102 (La.1983).

. In Re: Grand Jury, 98-2277 (La.4/13/99), 737 So.2d 1.