PER CURIAM:
Writ granted. The district court's order that the State furnish full transcripts of the grand jury testimony to the codefendants is reversed and the matter is remanded for further proceedings. "[T]he indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." State v. Trosclair , 443 So.2d 1098, 1103 (La.1983). The party seeking disclosure must demonstrate a particularized need that outweighs the need for continued secrecy. Trosclair , 443 So.2d at 1103. That is, "[h]e must show that, without the material, his case would be greatly prejudiced or that an injustice would be done." State v. Higgins , 03-1980, p. 36 (La. 4/1/05), 898 So.2d 1219, 1241 (citing Trosclair , 443 So.2d at 1103 ; State v. Ates , 418 So.2d 1326, 1328-29 (La. 1982) ). "[A] trial court may act upon a specific request stated with particularity and review grand jury transcripts in camera to determine if information contained therein is favorable to the accused and material to guilt or punishment." Higgins , 03-1980 at 35-36, 898 So.2d at 1241. "If disclosure is permitted, it must be closely confined to the limited portion of the material for which there is particularized need." Trosclair , 443 So.2d at 1103. "In any event, disclosure is left to the sound discretion of the trial court whose ruling will not be reversed absent an abuse of that discretion." Higgins , 03-1980 at 36, 898 So.2d at 1241.
Here, after conducting an in camera review, the district court ordered the State to furnish full transcripts of the grand jury testimony of the cooperating former codefendants because it found their testimony contained material that could be used to impeach these witnesses if they testify at trial. The district court further found that this potential impeachment material must be disclosed now to afford the codefendants sufficient time to use it at trial. The district court erred. This grand jury testimony, which may be useful in impeaching these witnesses if the State calls them to testify at trial, is not material evidence favorable to the defendant, as required to justify breaking grand jury secrecy in accordance with the jurisprudence above and La.C.Cr.P. art. 434.1(B). In addition, Code of Criminal Procedure art. 716(D) applies. This article provides, "The state need not provide the defendant any written or recorded statement of its witnesses until immediately prior to the opening statement at trial." The State assures the court that it will comply with this article by providing transcripts of the grand jury testimony of any of the cooperating former codefendants it intends to call to testify at trial within a reasonable time before trial. Therefore, the district court abused its discretion in ordering that grand jury secrecy be broken at this time in accordance with La.C.Cr.P. art. 434.1(B) and Trosclair and Higgins , and erred in disregarding the timing established by the legislature in La.C.Cr.P. art. 716(D) for disclosure of the State's witness statements. The district court's ruling is reversed and the matter remanded for further proceedings consistent with these *877 views. Nothing in this ruling precludes the district court from ordering the State to disclose carefully limited excerpts of the grand jury testimony that is truly material to the issue of the codefendants' guilt, such as the existence of alternative suspects. However, the district court should be mindful that such a disclosure must be closely confined to the limited portion of the material for which there is particularized need in accordance with Trosclair .
REVERSED AND REMANDED
CRICHTON, J., additionally concurs and assigns reasons:
I join in the per curiam in its entirety. I write separately to note my concerns regarding one of the briefs submitted to this court and to remind counsel to defendant Nelson of La. S.Ct. Rule VII, § 7. It provides:
Section 7. The language used in any brief or document filed in this court must be courteous, and free from insulting criticism of any person, individually or officially, or of any class or association of persons, or of any court of justice, or other institution. Any violation of this rule shall subject the author or authors of the brief or document to the humiliation of having the brief or document returned, and to punishment for contempt of the authority of the court.
In my view, the document (which describes a former codefendant as a "psychopath" and the State's plea agreement with a former codefendant as "a deal with the devil") comes perilously close to violating Rule VII, § 7.