Judge Joy Cossich Lobrano
We are presented with two writ applications arising out of the same case that were consolidated for consideration. We discuss each writ separately.
The facts are briefly as follows. Shortly after midnight on November 27, 2014, the victim in this case ("Victim") went to 2105 River Park Drive. The defendant, Kory Mattox ("Defendant") and Raquel Nicolosi were at the residence. Nicolosi answered the door. It is alleged that upon entering, Victim struck Nicolosi in the head with a collapsible police style baton. Defendant appeared from the rear of the residence and killed Victim with a single shot from a 12-gauge shotgun.
WRIT NO. 2018-K-0780
Defendant was indicted for one count of second degree murder but has claimed *810 from the time of the shooting that the homicide was justified. Nicolosi testified during the grand jury proceedings. Defendant filed a motion to unseal the grand jury testimony. Nicolosi's testimony was unsealed and given to the defense by the State under the provisions of La. C.Cr.P. art. 434.1(B).
After reviewing the transcript in camera, the district court ordered that page 28, lines 22-25, page 29, lines 1-25, and page 30, lines 1-24 be unsealed and provided to Defendant. This portion of the transcript contains legal advice and remarks by the State to the grand jury before it began its deliberations. Defendant maintains that the State erroneously omitted from its instructions the law on justifiable homicide. As such, Defendant argues that this alleged misconduct by the State no longer protects the secrecy of grand jury proceedings.
The State filed the instant writ. It contends that grand jury proceedings are confidential as per the La. Const. Art. V § 34 (A) and as provided for in the La. C.Cr.P. arts. 431, et seq. For the reasons that follow, we grant the State's writ and reverse the judgment of the district court ordering the unsealing of page 28, lines 22-25, page 29, lines 1-25, and page 30, lines 1-24.
The Supreme Court, in State v. Francis , 18-1395 (La. 9/21/18), 252 So.3d 875 (per curiam), recently stated:
"[T]he indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." State v. Trosclair , 443 So.2d 1098, 1103 (La.1983). The party seeking disclosure must demonstrate a particularized need that outweighs the need for continued secrecy. Trosclair , 443 So.2d at 1103. That is, "[h]e must show that, without the material, his case would be greatly prejudiced or that an injustice would be done." State v. Higgins , 03-1980, p. 36 (La. 4/1/05), 898 So.2d 1219, 1241 (citing Trosclair, 443 So.2d at 1103 ; State v. Ates , 418 So.2d 1326, 1328-29 (La. 1982) ).
In State v. Ross , 13-0175, pp. 6-7 (La. 3/25/14), 144 So.3d 932, 937, the Court stated the reasons for grand jury secrecy as follows:
Secrecy helps to prevent the escape of prospective indictees by providing no forewarning to them of the investigation in progress; it insures that the grand jury investigation can proceed freely by protecting the grand jurors from outside influences and threats of reprisal; it serves to prevent the subordination of perjury and tampering of witnesses by targets of the investigation; it promotes free and open disclosure of information by witnesses without fear of retaliation; and it acts as a shield by protecting innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. However, the secrecy of grand jury proceedings is not absolute. This court has stated that in some situations, justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings. In re Grand Jury , 98-2277 (La. 4/13/99), 737 So.2d 1, 5 ; State v. Trosclair , 443 So.2d 1098, 1102 (La.1983), cert. dismissed , 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). (Footnotes omitted.)
The Court stated that the requirement of grand jury secrecy places a heavy burden on the party seeking disclosure of grand jury materials:
A party seeking disclosure has the burden of proving a "compelling necessity" for the material sought, and the need must be demonstrated "with particularity." That is, the party seeking disclosure must prove that, without access to the *811 grand jury materials, the party's case would be "greatly prejudiced" or that an "injustice would be done." A general wholesale request for transcripts does not satisfy the requirement of demonstrative particularized need. In re Grand Jury , 737 So.2d at 8. This Court recognizes the strong public policy in favor of maintaining the secrecy of grand jury proceedings; however, there is also a strong policy in favor of openness in civil, as well as criminal, discovery, and grand jury transcripts often provide a storehouse of relevant facts. Id.
* * *
The disclosures expressly permitted by LSA-C.Cr.P. art. 434 include: (1) after the indictment, members of the grand jury and other persons present may reveal (to defense counsel, the attorney general, the district attorney, or the court), and testify concerning, "statutory irregularities" in grand jury proceedings; (2) a court may permit disclosure of testimony given before the grand jury to show that a witness committed perjury in his testimony before the grand jury; (3) a witness may discuss his testimony with the court, attorney general, district attorney, or counsel for the person under investigation or indicted; and (4) after notification to his district attorney, the foreman of a grand jury that discovers a crime may have been committed in another parish shall make that discovery known to the attorney general, and the district attorney or attorney general may direct any relevant evidence and testimony to the district attorney of another parish. See State v. Gutweiler , 2006-2596 (La. 4/8/08), 979 So.2d 469, 479 ; In re Grand Jury , 737 So.2d at 8 ; State v. Trosclair , 443 So.2d at 1102-03. See also State v. Poland , 2000-0453 (La. 3/16/01), 782 So.2d 556, 558-59.
Ross , 13-0175, pp. 7-10, 144 So.3d at 937-39 (footnotes omitted).
La. C.Cr.P. art. 434.1 provides the only exceptions to the requirement of grand jury secrecy as follows:
A. Notwithstanding the provisions of Article 434, the state may disclose to state or federal prosecutors or law enforcement officers, or to investigators on the staff of the district attorney or attorney general, or to expert witnesses, information and documents provided to a grand jury. Any person to whom such disclosure is made shall not engage in further disclosure of the material and shall use the disclosed material solely for purposes of investigation of criminal offenses and enforcement of criminal laws.
B. The district attorney shall also disclose to the defendant material evidence favorable to the defendant that was presented to the grand jury.
C. The district attorney may also disclose to a witness at trial, including the defendant if the defendant testifies, any statement of the witness before the grand jury that is inconsistent with the testimony of that witness.
In this case, legal advice provided to the grand jury by the State is not one of the enumerated circumstances that allows a district court to order the production of grand jury transcripts. The district court did not specify what provision of La. C.Cr.P. arts 434 and/or 434.1 it relied on to order the release of the portions of the transcript. Defendant contends the information is necessary because the State erroneously instructed the grand jury and there is no need to keep the instructions secret. This is not a valid reason to disclose the grand jury instructions. We find that the district court abused its discretion in finding Defendant was entitled to the portions of the grand jury transcript requested.
*812 Thus, we grant Writ No. 2018-K-0780, filed by the State, and reverse the order of the district court.
WRIT NO. 2018-K-0819
Defendant filed a motion to quash the indictment of second degree murder based on his defense of justifiable homicide in accordance with La. R.S. 14:20. He argues that the facts are undisputed so this not a defense of any facts, but a defense to the prosecution.
In denying the motion, the district court stated:
The Court has reviewed the pleadings filed in this case. In addition[,] the Court has reviewed article 532, the general grounds for a motion to quash. The Court has reviewed article 533, special grounds for motion to quash grand jury indictment. The Court also referred to State versus Rivers, [2005-1121 (La. App 4 Cir. 10/11/16), 942 So.2d 1176]. It's a Fourth Circuit Court of Appeals case decided on October 11 of 2006, wherein the Court stated "A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, example, pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the Court. In considering a motion to quash the Court must accept as true the facts contained in the bill of information and in the bill of particulars and determine as a matter of law and from the face of the pleadings whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits."
Based on that law and the application to this case the Court is denying the motion to quash the indictment based on 14:20(A)(3) as well as the motion to quash the indictment based on 14:20(A)(4)(A) as well as the presumption motion to quash, 14:20(B).
We find no error on the part of the district court and deny Writ No. 2018-K-819.
Finally, we note that Defendant filed a motion for oral argument in Writ No. 2018-K-780. This motion is denied as moot.
WRIT GRANTED; WRIT DENIED; MOTION FOR ORAL ARGUMENT DENIED AS MOOT
Ledet, J., Concurs in the Result